

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Honorable Howard M. Fender　　　Opinion No. WW-213
District Attorney
Tarrant County　　　　　　　　　Re: Whether Chapter 268, Acts of
Criminal Courts Building　　　　　　the 55th Legislature, 1957,
Fort Worth, Texas　　　　　　　　page 569, is constitutional.

Dear Mr. Fender:

　　　　　　In your letter of July 17, 1957, you request the opinion
of this office as to whether House Bill 921, Acts of the 55th Legislature,
Regular Session, 1957, chapter 268, page 569, is constitutional.

　　　　　　This Act relates to Tarrant County Water Control and
Improvement District No. 1, and you state that Attorney General's Opin-
ion WW-163 appears to hold an amendment to this type of statute uncon-
stitutional, whereas Attorney General's Opinion MS-194 holds the same
type of act constitutional.

　　　　　　Your question is resolved by the differences in the types
of acts in each of the cases. In Opinion WW-163, our office was not pass-
ing on the validity of an act creating a river authority or a water control
and improvement district, but on the contrary, this office was merely con-
sidering the validity of House Bill 317 of the 55th Legislature that author-
ized the San Antonio River Authority to condemn lands not heretofore used,
but merely dedicated for cemetery purposes, when such lands were located
only in Bexar County. We held this Act unconstitutional on the ground that
Section 56 of Article III of the Constitution of Texas prohibits the enact-
ment of any local or special law relating to cemeteries, and we in no re-
spect passed on the authority of the Legislature to create river authori-
ties or water control and improvement districts.

　　　　　　In Attorney General's Opinion MS-194 (1955), this office
passed on the constitutionality of Senate Bill No. 389, Acts of the 54th Leg-
islature, Regular Session, 1955, which created the Reagan County Water
Supply District. In that Opinion it was held that Senate Bill 389 is a gen-
eral law, and the notice required by Section 57 of Article III of the Consti-
tution and statutes enacted pursuant thereto are not required to be pub-
lished nor exhibited prior to introduction or passage of the proposed act.
Consequently, Senate Bill 389 was constitutional.

　　　　　　In view of the foregoing, you can readily see that there is
no conflict between the holdings in Attorney General's Opinions WW-163
and MS-194, and after a careful review of House Bill 921, Acts of the 55th
Legislature, Regular Session, 1957, chapter 268, page 569, you are ad-
vised that the Act is constitutional for the same reasons that were an-
nounced in Opinion MS-194.

Honorable Howard M. Fender, Page 2 (WW-213)

## SUMMARY

House Bill 921, Acts of the 55th Legislature, Regular Session, 1957, chapter 268, page 569, is constitutional under the provisions of Section 59, Article III of the Constitution of Texas since it is a general law. The provision in Section 57, Article III of the Constitution of Texas concerning publication of local and special laws is not applicable to the instant case.

Very truly yours,

WILL WILSON
Attorney General of Texas

By ~~Ralph R. Rash~~
Ralph R. Rash
Assistant

RRR:jl:cm

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

W. V. Geppert

Wallace Finfrock

B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Geo. P. Blackburn